J-S31005-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
 : PENNSYLVANIA
 :
 v. :
 :
 :
TERRIC L. GARNER :
 :
 Appellant : No. 581 EDA 2025

Appeal from the Judgment of Sentence Entered November 15, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002133-2021

BEFORE: PANELLA, P.J.E., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY PANELLA, P.J.E.: **FILED OCTOBER 15, 2025**

Terric L. Garner appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas on November 15, 2024, following his guilty plea to aggravated assault. On appeal, Garner challenges the discretionary aspects of his sentence. As we find Garner's issue is waived, and otherwise without merit, we affirm.

On February 10, 2021, Garner was arrested and charged with aggravated assault, simple assault, and recklessly endangering another person. Following a preliminary hearing, the charge of aggravated assault was held for court and Garner was placed on house arrest over the Commonwealth's objection. Garner subsequently cut off his house arrest monitor to abscond from house arrest. Garner was later apprehended in November 2021, in Puerto Rico, by the United States Marshals, and extradited

back to Philadelphia. At a waiver trial hearing in July 2022, Garner chose to exercise his right to a jury trial. A jury trial was initially scheduled for March 6, 2023. However, after Garner fired his counsel at a trial readiness hearing, new counsel was appointed, and the jury trial was rescheduled for November 13, 2023. At a subsequent trial readiness hearing, Garner again fired his counsel, and new counsel was appointed, and the jury trial rescheduled for June 3, 2024.

On June 3, 2024, the parties appeared for the scheduled jury trial. In the middle of jury selection, Garner decided to instead plead guilty. Following a written and oral plea colloquy, the trial court accepted Garner's open guilty plea to one count of aggravated assault. The factual basis for the plea was read into the record as follows:

> On August 3, 2020, at approximately 3:25 a.m., a witness, M.M., heard a female screaming in the park located at 2801 South Broad Street, [] in the city and county of Philadelphia. The witness shined a flashlight on the offender, and he fled the area.
>
> Officer Williams, Badge 4042, First District, was nearby and heard the scream. He made his way to the park and observed the offender running from a distance. The offender fled towards 13th and Oregon Avenue, and the officer lost sight of him in the area.
>
> The witness stated that the complainant was able to tell him that she was there to get $40 for sex with a male that she knows as Turk, when she saw the police car and changed her mind. The offender then began punching her several times in the face.
>
> Medic 11 arrived and transported the complainant to Jefferson Hospital. The witness was transported to the South Detective Division when he was formally interviewed by Detective Wessel. Based on the information of the complainant and the witness that was reported, a suspect was developed.

On August 3, 2020, at 4:33 a.m., the Commonwealth would prove that the scene was processed, which consisted of the complainant's sandals, black pants and black panties. There were also two (2) $10 bills and several needles nearby.

On August 3, 2020, at approximately 5:20 a.m., the complainant was unable to be interviewed by the detective, due to her going in and out of consciousness that was directly caused by [Garner]'s punches to her face. Her injuries were photographed at this time.

The complainant was later shown a double blind photo array by Detective Gallagher, which included an image of [] Garner. The complainant positively identified Garner as the male who assaulted her on August 3, 2020. The complainant stated that she is one hundred percent certain that this is the male that assaulted her.

The complainant suffered multiple broken facial bones, as well as a broken jaw.

N.T., Guilty Plea, 6/3/24, at 17-19. Sentencing was deferred for preparation of a presentence investigation report ("PSI") and a mental health report.

On November 15, 2024, prior to sentencing, the court addressed Garner's motion to withdraw his guilty plea, which was filed the week prior. After hearing from counsel, as well as from Garner, the court denied the motion. The trial court then sentenced Garner to 4 to 8 years' incarceration, to run consecutive to any other sentence he was already serving.[1] Garner filed a motion for reconsideration of sentence that the trial court denied. This timely appeal followed.

_____

[1] Garner was separately sentenced to 8 to 16 years' incarceration for the actions he committed when he absconded from house arrest. *See* Trial Court Opinion, 3/4/25, at FN1.

- 3 -

In his sole issue raised on appeal, Garner argues the sentence imposed on him was harsh and excessive and an abuse of discretion since the trial court failed to properly consider all of the required sentencing factors or any mitigating evidence. Garner concedes this claim raises a challenge to the discretionary aspects of sentence. "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted; brackets in original).

"Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed." *Id.* (citation omitted). Further, although we are mindful that "[a] failure to include the Pa.R.A.P. 2119(f) statement does not automatically waive an appellant's [discretionary aspects of sentencing] argument[, ] we are precluded from reaching the merits of the claim when the

- 4 -

Commonwealth lodges an objection to the omission of the statement."
***Commonwealth v. Roser***, 914 A.2d 447, 457 (Pa. Super. 2006) (citation
omitted); ***see also Commonwealth v. Farmer***, 758 A.2d 173, 182 (Pa.
Super. 2000) (observing we may not reach the merits of discretionary aspects
of sentencing claims where the Commonwealth has objected to the omission
of a Pa.R.A.P. 2119(f) statement and finding the issue to be waived);
***compare Commonwealth v. Lutes***, 793 A.2d 949, 964 (Pa. Super. 2002)
(holding if the appellant fails to comply with Pa.R.A.P 2119(f), Superior Court
*may* entertain discretionary sentencing claim if Commonwealth does not
object to the appellant's failure to comply with Pa.R.A.P. 2119(f)).

Here, the second and third requirements of the four-part test have not
been met. Preliminarily, Garner has failed to provide a Rule 2119(f) statement
in his brief. The Commonwealth has objected to this violation of our Rules of
Appellate Procedure.

Further, while Garner filed a timely appeal and motion to reconsider
sentence, there is a disparity between the issue raised in Garner's post-
sentence motion and in his 1925(b) concise statement and appellate brief. A
defendant can only preserve a claim to the discretionary aspects of a court's
sentence if he notes a specific objection at the sentencing hearing or in a post-
sentence motion. ***See Moury***, 992 A.2d at 170.

In his post-sentence motion for reconsideration of sentence, Garner only
stated he believed a more mitigated sentence is appropriate based on his

acceptance of responsibility, his ability to work, and his remorse. **See** Motion for Reconsideration of Sentence, 11/18/24. Based on those mitigating factors, Garner sought a concurrent sentence to the other sentences he was serving. **See id.** Notably, Garner did not assert the trial court had failed to consider any mitigating factors.

In his 1925(b) concise statement, Garner asserted for the first time that his sentence was "harsh and excessive", and that the trial court "failed to properly consider all of the sentencing factors of 42 Pa.C.S.A. § 9721(b) or any mitigating evidence" in imposing the sentence. Appellant's Rule 1925(b) Concise Statement of [Errors] Complained of on Appeal, 2/21/25. Garner argues these same claims in his appellate brief.

Because Garner failed to raise the instant discretionary sentencing claims in his post-sentence motion or at sentencing, we find his issue waived. **See Commonwealth v. Griffin**, 65 A.3d 932, 936 (Pa. Super. 2013) ("Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed.") (citation omitted); **see also Commonwealth v. Cartrette**, 83 A.3d 1030, 1042-43 (Pa. Super. 2013) (*en banc*) (concluding substantial question was waived for failing to raise it at sentencing or in post-sentence motion).

We note, even if Garner had preserved the instant claim, we discern no abuse of the court's discretion in imposing sentence. The court adequately

considered all sentencing factors and explained on the record the reason for

the sentence:

> Mr. Garner, I find that you are a danger to the community. Just the fact that you told me right now that for some reason it was only three to four punches that you did and that the horrific injuries that this particular victim suffered as a result of your rage.
>
> I have listened to arguments from counsel, I have considered the presentence report, I have considered the sentencing memorandum from the Commonwealth, and I do believe that there is numerous aggravating factors that you have indicated to me that I do accept.
>
> The sheer damage to the woman's face, the injuries she sustained, the explanation from the defendant as to why he did it, makes me very concerned for the safety of our community.
>
> I do -- I will -- Mr. Johnson, I do balance this, though, with the fact that there was a plea and that there wasn't a jury, and I do give that factor and that consideration, but for that reason I am going to balance it with the following:
>
> I am going to give a standard range sentence, but I am making it consecutive for a reason that I do believe that the community, the victim needed to be protected. And I don't see any other way but to do that. I also find this to be a separate and distinct crime, and you should not get the benefit that you just happened to get sentenced on another trial prior to mine that somehow I am supposed to automatically run a sentence to that. I don't see that to be valid.
>
> I mean, especially because of the fact you delayed this on your own accord.

N.T., Sentencing, 11/15/24, at 40-42.

Contrary to Garner's assertions, the trial court considered the mitigating

circumstances presented to it. It did not simply ignore the mitigating

circumstances raised by Garner. Moreover, the court entered a standard range

sentence in contemplation of the fact that Garner entered a plea instead of choosing to go to trial. The court's rejection of the other mitigating evidence presented to it is simply not equivalent to the court's failure to consider that evidence.

Moreover, as the trial court specifically noted, it had the benefit of a PSI. Where a trial court has a PSI, "it is presumed that the sentencing court was aware of the relevant information regarding defendant's character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v. Tirado***, 870 A.2d 362, 368 (Pa. Super. 2005) (citation and internal quotations marks omitted); ***see also Commonwealth v. Hallock***, 603 A.2d 612, 616 (Pa. Super. 1992) ("It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand") (citation omitted).

As we find Garner's sole issue on appeal is waived, and otherwise without merit, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/15/2025